DAVIS, J.
In this appeal, we are presented with the issue of whether a claimant may receive temporary partial disability benefits if he or she makes less than 80 percent of his or her average weekly wage, but more than the maximum compensation rate while working with the employer following the accident. Because we find that a claimant is entitled to temporary partial disability benefits in such a situation, we affirm the JCC’s order. Finding them to be without merit, we decline to address the other issues raised by Appellants.
Appellee, the claimant, Rosa T. Summers, earned an average weekly wage of $999.33 while working with Appellant, the employer, Orange County Corrections. After suffering a compensable work-related accident on July 16, 2002, she was placed on light duty work restrictions, and was able to earn approximately $644.00 per week with the employer. The statutory maximum compensation rate for the year 2002 is $594.00 per week. The claimant petitioned for temporary partial disability benefits pursuant to section 440.15(4)(a), Florida Statutes (2002), which the employer and its carrier, Appellant, Crawford and Company, denied on the grounds that the claimant was not entitled to temporary partial disability benefits because she was earning from the employer more than the statutory maximum compensation rate. The JCC awarded the claimant the benefits, finding no such limitation in the statute. We agree with the JCC’s determination in this case.
Section 440.15(4)(a) indicates that if an employee is not able to earn 80 percent of his or her average weekly wage following a compensable, work-related accident, temporary partial disability benefits are due. See Vencor Hosp. v. Ahles, 727 So.2d 968 (Fla. 1st DCA 1998). Florida Administrative Code Rule 4L-3.0191(2) provides that an employee is eligible for temporary partial disability benefits if he or she: (1) has received a medical release to return to work; (2) is not able to earn 80 percent of his or her average weekly wage; (3) has not reached maximum medical improvement; and, (4) has not received payment for 104 weeks of temporary benefits. While the statutory maximum compensation rate set forth in section 440.12(2), Florida Statutes, applies to temporary disability benefits, it merely limits the amount the carrier is obligated to pay if temporary benefits are due. The statutory maximum compensation rate is not a consideration in determining whether temporary partial disability benefits are due.
Accordingly, we affirm the JCC’s award of benefits.
BARFIELD and BENTON, JJ., concur.